IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>YOUNG BROTHERS, LIMITED; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. CV 04-00724 HG/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I. **BACKGROUND**

On December 1, 2004, Plaintiffs Motor Insurance Corporation and Big Island Toyota ("Plaintiffs") filed a Complaint against Young Brothers, Limited. *See* Exhibit "A"). Plaintiffs subsequently filed a First Amended Complaint on October 19, 2005 adding Defendants Hawaiian Electric Company, Inc. ("HECO"), American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc. *See* Exhibit "B".

On December 8, 2005, Defendant Hawaiian Electric Company, Inc. filed an Answer to the First Amended Complaint and its Cross-Claim against Cross-Claim Defendants American Pacific Transport Co., Ltd. ("APT") and Pirelli

1505637.1

Cable North America, Inc. ("Pirelli") (hereinafter collectively referred to as "Cross-Claim Defendants"). *See* Exhibit "C".

APT and Pirelli did not respond to the Complaint or HECO's Cross-Claim against them. On February 22, 2006, default was entered against APT and Pirelli on HECO's Cross-Claim against APT and Pirelli. *See* Exhibit "D".

APT and Pirelli have not appeared nor otherwise moved to vacate entry of default against it. *See* Declaration of Randolf L.M. Baldemor, ¶6 ("Baldemor Decl."). In addition, APT and Pirelli are individual companies, and are not infants or an incompetent persons as referred to in Rule 55 (b)(2) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. Standard for Default Judgment

Obtaining default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, entry of default must occur, thereby establishing liability. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Second, if and when the damages amount becomes certain, a party may petition the court for default judgment.

Rule 55(a) of the Federal Rules of Civil Procedure governs the first step and provides:

> When a party against whom a judgment for affirmative
> relief is sought has failed to plead or otherwise defend as

>provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FRCP 55(a).

Rule 55(b)(2) of the Federal Rules of Procedure governs the second step, and provides, in relevant part, that judgment by default may be entered by application to the Court:

>[T]he party entitled to a judgment shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

FRCP 55(b)(2).

**B.   Default Judgment Against American Pacific Transport Co., Ltd and Pirelli Cable North America, Inc. is Proper**

Default judgment against APT and Pirelli is proper. Entry of Default against APT and Pirelli on HECO's cross-claims occurred on February 22, 2006. *See* Exh. D. "The general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* FRCP 8(b) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").

Recently, the amount of HECO's damages became certain, thus enabling HECO to move for default judgment against APT and Pirelli. Specifically, on July 17, 2006, Plaintiffs and HECO agreed to settle Plaintiffs' claims against HECO for the amount of $4,500.00. *See* Baldemor Decl., at ¶7. Accordingly, HECO is entitled to default judgment on its cross-claims against APT and Pirelli, jointly and severally, for the amount of $4,500.00, plus costs in the amount of $249.75, as well as post-judgment interest.

## III. CONCLUSION

Based upon the foregoing, HECO requests that the instant Motion be granted, and that this Court enter judgment on HECO's cross-claims against APT and Pirelli in the amount of $4,500, plus costs in the amount of $249.75, as well as post-judgment interest.

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Randolf L.M. Baldemor
RANDOLF L. M. BALDEMOR

SUSAN A. LI
R. SCOTT SIMON

Attorneys for Defendant / Cross Claimant
HAWAIIAN ELECTRIC COMPANY