GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

RANDOLF L. M. BALDEMOR    7421-0
   rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

SUSAN A. LI    5191-0
R. SCOTT SIMON    7158-0
   scott.simon@heco.com
Hawaiian Electric Company, Inc.
P.O. Box 2750
Honolulu, Hawaii 96840-0001
Telephone No. 543-4775
Facsimile No. 543-4710

Attorneys for Defendant
HAWAIIAN ELECTRIC COMPANY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 8 2005

at 3 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>        Plaintiffs,<br><br>  vs.<br><br>YOUNG BROTHERS, LIMITED; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. CV 04-00724 HG/BMK<br><br>DEFENDANT HAWAIIAN ELECTRIC COMPANY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON OCTOBER 19, 2005; DEFENDANT HAWAIIAN ELECTRIC COMPANY'S CROSS-CLAIM; CERTIFICATE OF SERVICE |

**EXHIBIT "C"**

1129945.1

## DEFENDANT HAWAIIAN ELECTRIC COMPANY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON OCTOBER 19, 2005

Defendant HAWAIIAN ELECTRIC COMPANY, INC. (hereinafter "HECO"), by and through its counsel, GOODSILL ANDERSON QUINN & STIFEL LLP and HECO's Legal Department, for an answer to the First Amended Complaint filed herein, alleges and avers as follows:

### FIRST DEFENSE

1.     The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.     The allegations contained in paragraph 6 of the First Amended Complaint are admitted.

3.     The allegations contained in the unnumbered paragraph entitled "NATURE OF THE ACTION" and paragraphs 1, 2, 3, 4, 5, 7, 8, 9, 11, 13, 14, and 15 of the First Amended Complaint are neither admitted nor denied, since Defendant HECO is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the allegations contained therein and thus leaves Plaintiffs to their proof.

1129945.1

4.     With respect to paragraph 10, Defendant HECO admits only that at times relevant, it has ordered cable spools from Pirelli Cable North America, Inc. and/or its affiliates; all remaining allegations are denied as to Defendant HECO.

5.     The allegations contained in paragraph 12 are denied as to Defendant HECO; all remaining allegations are neither admitted nor denied, since Defendant HECO is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the same, and thus leaves Plaintiffs to their proof.

6.     With respect to paragraph 16, all allegations of entitlement to recovery against Defendant HECO are denied; the remaining allegations are neither admitted nor denied, since Defendant HECO is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the same, and thus leaves Plaintiffs to their proof.

7.     All allegations not specifically admitted hereinabove are denied.

### THIRD DEFENSE

8.     Defendant HECO was not negligent.

### FOURTH DEFENSE

9.     Plaintiffs' claims against Defendant HECO are barred because the harm plaintiff allegedly suffered, if any, was caused by factors, persons or entities other than Defendant HECO.

## FIFTH DEFENSE

10.    Defendant HECO intends to rely upon the defense that liability to Plaintiffs, if any, is that of persons or entities other than Defendant HECO.

## SIXTH DEFENSE

11.    Defendant HECO intends to rely upon the defenses of avoidable consequences and/or failure to mitigate damages.

## SEVENTH DEFENSE

12.    Defendant HECO intends to rely upon the defenses of estoppel, laches and/or waiver.

## EIGHTH DEFENSE

13.    Defendant HECO intends to rely upon the defenses of lack of duty and/or lack of a breach of duty on the part of Defendant HECO.

## NINTH DEFENSE

14.    Defendant HECO intends to rely upon the defense of lack of privity and/or lack of a contractual relation.

## TENTH DEFENSE

15.    Defendant HECO intends to rely upon the defense that Plaintiffs' claims for relief may be barred by applicable statute(s) of limitations or otherwise untimely.

## ELEVENTH DEFENSE

16.     Plaintiff's claims are barred because Plaintiffs lack standing to assert any claims against Defendant HECO.

## TWELFTH DEFENSE

17.     Defendant HECO intends to rely upon the defense of failure to join indispensable parties.

## THIRTEENTH DEFENSE

18.     Defendant HECO intends to rely upon the defenses of Plaintiffs' full knowledge, consent, and acquiescence as to the terms and manner under which the subject vehicle was shipped.

## FOURTEENTH DEFENSE

19.     Plaintiffs are precluded from recovery from Defendant HECO under the doctrines of ratification by acquiescence, acceptance of financial or other benefit, implicit or explicit acceptance, failure to repudiate and/or failure to notify.

## FIFTEENTH DEFENSE

20.     Defendant HECO intends to rely upon the defense of in pari delicto, or unclean hands, as to Plaintiffs' claims against Defendant HECO.

## SIXTEENTH DEFENSE

21.     Plaintiffs' claims against Defendant HECO are barred, in whole or in part, by the doctrines of equitable estoppel and quasi-estoppel.

## SEVENTEENTH DEFENSE

22.    The negligent acts or omissions of Plaintiffs and/or other persons, and not of Defendant HECO, were the proximate and legal cause of the monetary loss alleged, if any.

## EIGHTEENTH DEFENSE

23.    Defendant HECO intends to rely upon the comparative negligence and fault of Plaintiffs, other defendants, and/or other persons as a defense to liability on the part of Defendant HECO.

## NINETEENTH DEFENSE

24.    Defendant HECO reserves the right to assert to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure that is supported by information or facts obtained in discovery, at trial or by other means during this case, and expressly reserves the right to amend his Answer to assert such additional affirmative defenses in the future.

//

//

//

//

//

WHEREFORE, Defendant HECO prays that the suit be dismissed and Defendant HECO be awarded costs or that the trier find the degree of comparative negligence of all parties and that the damages awarded Plaintiffs be discounted by an amount directly proportional to the total damages as the proportion of Plaintiffs' negligence is to the total negligence that caused the injury and/or damages.

DATED:  Honolulu, Hawaii, December 8, 2005.


RANDOLF L. M. BALDEMOR
SUSAN A. LI
R. SCOTT SIMON

Attorneys for Defendant
HAWAIIAN ELECTRIC COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>        Plaintiffs,<br><br>  vs.<br><br>YOUNG BROTHERS, LIMITED; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO.  CV 04-00724 HG/BMK<br><br>DEFENDANT HAWAIIAN ELECTRIC COMPANY'S CROSS-CLAIM |

## <u>DEFENDANT HAWAIIAN ELECTRIC COMPANY'S CROSS-CLAIM</u>

Defendant HAWAIIAN ELECTRIC COMPANY, INC. (hereinafter "HECO") for a cross-claim against Defendants AMERICAN PACIFIC TRANSPORT CO., LTD. and PIRELLI CABLE NORTH AMERICA, INC. (hereinafter collectively "Other Defendants"), alleges and avers as follows:

1.    Plaintiffs MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA (hereinafter collectively "Plaintiffs") filed a First Amended Complaint against all Defendants for property damage allegedly arising out of an accident to a vehicle being transported as cargo.

2.    If Plaintiffs incurred damages as alleged in the First Amended Complaint, such damage was caused or proximately resulted from the negligence,

breach of duty, strict liability, or other wrongful act or omission of Other

Defendants, and Defendant HECO is in no way at fault or liable therefor.

3.    If Defendant HECO is held liable to Plaintiffs, then Other

Defendants are liable to Defendant HECO for the above said wrongful acts.

4.    If any judgment is rendered against Defendant HECO, then

Defendant HECO is entitled to reimbursement, contribution, and/or indemnity

from Other Defendants.

WHEREFORE, Defendant HECO prays for judgment as follows:

A.    If it is determined that Plaintiffs are entitled to judgment against

Defendant HECO, that Defendant HECO have judgment, jointly and severally,

over and against Other Defendants.

B.    If Defendant HECO and any or all of the Other Defendants are

deemed to be joint tortfeasors, that the relative degree of fault of each be

determined and Defendant HECO have judgment, jointly and severally, against

Other Defendants, or any of them, for any amount over and above Defendant

HECO'S pro rata share of such judgment.

C.    That Defendant HECO have judgment, jointly and severally,

against Other Defendants for reimbursement, contribution, and/or indemnity.

D.    That the Court award Defendant HECO costs and attorney's

fees.

E.    For such other relief as the Court deems just and equitable in the circumstances.

DATED:  Honolulu, Hawaii, December 8, 2005.


RANDOLF L. M. BALDEMOR

SUSAN A. LI
R. SCOTT SIMON

Attorneys for Defendant
HAWAIIAN ELECTRIC COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA, | CIVIL NO.  CV 04-00724 HG/BMK |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| YOUNG BROTHERS, LIMITED; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a copy of the foregoing was duly

served on this date upon the following party(ies) at the address(es) listed below by

the means indicated:

|  | Mail | Hand Delivery |
|---|---|---|
| GREGG NISHIOKA | ☐ | ☒ |

GREGG NISHIOKA
Nishioka & Fujioka
841 Bishop Street, Suite 224
Honolulu, Hawaii  96813

Attorney for Plaintiffs
MOTORS INSURANCE CORPORATION
and BIG ISLAND TOYOTA

1129945.1

|                                            | Mail | Hand Delivery |
|--------------------------------------------|------|---------------|
| MARK S. HAMILTON                           | ☐    | ☒             |

Frame Formby & O'Kane
Four Waterhouse Plaza, Suite 575
500 Ala Moana Boulevard
Honolulu, Hawaii  96813

Attorney for Defendant
YOUNG BROTHERS, LIMITED

   DATED:  Honolulu, Hawaii, December 8, 2005.


                              _____
                              RANDOLF L. M. BALDEMOR

                              SUSAN A. LI
                              R. SCOTT SIMON

                              Attorneys for Defendant
                              HAWAIIAN ELECTRIC COMPANY