GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

RANDOLF L. M. BALDEMOR   7421-0
   rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

SUSAN A. LI                                 5191-0
R. SCOTT SIMON                       7158-0
   scott.simon@heco.com
Hawaiian Electric Company, Inc.
P.O. Box 2750
Honolulu, Hawaii  96840-0001
Telephone No. 543-4775
Facsimile No. 543-4710

Attorneys for Defendant / Cross Claimant
HAWAIIAN ELECTRIC COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>           Plaintiffs,<br><br>  vs.<br><br>YOUNG BROTHERS, LIMITED; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,<br><br>           Defendants. | CIVIL NO.  CV 04-00724 HG/BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT |

## FINDINGS AND RECOMMENDATION TO
## GRANT MOTION FOR DEFAULT JUDGMENT

Before the Court is Defendant Hawaiian Electric Company, Inc.'s ("HECO") Motion for Default Judgment, filed on September 19, 2006. The Motion was heard on November 3, 2006. After careful consideration of the Motion, supporting and opposing memoranda, and arguments of counsel, the Court FINDS that Cross-Claim Defendants American Pacific Transport Co., Ltd. ("APT") and Pirelli Cable North America, Inc. ("Pirelli") have not appeared nor otherwise moved to vacate entry of default against them and RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

On December 1, 2004, Plaintiffs Motor Insurance Corporation and Big Island Toyota ("Plaintiffs") filed a Complaint against Young Brothers, Limited. Plaintiffs subsequently filed a First Amended Complaint on October 19, 2005 adding Defendants Hawaiian Electric Company, Inc. ("HECO"), American Pacific Transport Co., Ltd. ("APT") and Pirelli Cable North America, Inc. ("Pirelli").

On December 8, 2005, HECO filed an Answer to the First Amended Complaint and its Cross-Claim against Cross-Claim Defendants APT and Pirelli (hereinafter collectively referred to as "Cross-Claim Defendants"), asserting claims

2

for reimbursement, contribution and/or indemnity, jointly and severally, over and against APT and Pirelli.

APT and Pirelli did not respond to the Complaint or HECO's Cross-Claim against them. On February 22, 2006, default was entered against APT and Pirelli on HECO's Cross-Claim against APT and Pirelli.

APT and Pirelli have not appeared nor otherwise moved to vacate entry of default.

On September 19, 2006, HECO filed its Motion for Default Judgment Against Cross-Claim Defendants American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc., requesting the Court to make and enter judgment on its Cross-Claim against APT and Pirelli, in the amount of $4,500.00, plus costs in the amount of $249.75, as well as post-judgment interest.

A hearing on the Motion for Default Judgment was held before the Honorable Barry M. Kurren on November 3, 2006 with Seth R. Weaver and Randolf L.M. Baldemor, appearing on behalf of HECO. No other parties responded to the Motion or appeared for the hearing.

## **DISCUSSION**

This Court has jurisdiction over the subject matter and the parties. Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides:

> [T]he party entitled to a judgment shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

APT and Pirelli did not answer HECO's Cross-Claim against them. Entry of default has been entered, and Cross-Claim Defendants APT and Pirelli have not appeared nor otherwise moved to vacate entry of default against them. APT and Pirelli are individual companies, and are not infants or an incompetent persons as referred to in Rule 55 (b)(2) of the Federal Rules of Civil Procedure.

On September 19, 2006, HECO filed its Motion for Default Judgment Against Cross-Claim Defendants American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc., requesting the Court to make and enter judgment on its Cross-Claim against APT and Pirelli, in the amount of $4,500.00, plus costs in the amount of $249.75, as well as post-judgment interest. Cross-Claim Defendants APT and Pirelli did not appear or otherwise respond to the Motion.

## **CONCLUSION**

For the foregoing reasons, the Court FINDS that APT and Pirelli have not appeared nor otherwise moved to vacate entry of default against them and RECOMMENDS that the Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 18, 2006

*Motors Insurance Corporation et al. v. Young Brothers, Limited,* Civil No. 04-00724 HG/BMK; Findings of Fact and Conclusions of Law