IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA, | ) ) ) ) | CIV. NO. 04-00724 HG-BMK |
| Plaintiffs, | ) ) ) | AMENDED FINDING AND RECOMMENDATION THAT HAWAIIAN ELECTRIC COMPANY, INC.'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | ) ) ) | |
| YOUNG BROTHERS, LIMITED, AMERICAN PACIFIC TRANSPORT, and PIRELLI CABLE NORTH AMERICA, INC. | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and HAWAIIAN ELECTRIC COMPANY, INC., | ) ) ) | |
| Defendant/Cross Claimant | ) ) | |
| v. | ) ) | |
| PIRELLI CABLE NORTH AMERICA, INC. and AMERICAN PACIFIC TRANSPORT, | ) ) ) ) | |
| Cross Defendants. | ) ) | |

AMENDED FINDING AND RECOMMENDATION THAT HAWAIIAN
ELECTRIC COMPANY,  INC.'S MOTION FOR DEFAULT JUDGMENT BE
GRANTED

Before the Court is Defendant and Cross Claimant Hawaiian Electric

Company,  Inc.'s ("HECO") Motion for Default Judgment, filed on September 19,

2006.  The Motion was heard on November 3, 2006.  After careful consideration of

the Motion, supporting and opposing memoranda, and arguments of counsel, the

Court FINDS that Cross-Claim Defendants American Pacific Transport Co., Ltd.

("APT") and Pirelli Cable North America, Inc. ("Pirelli") have not appeared nor

otherwise moved to vacate entry of default against them and RECOMMENDS that

the Motion be GRANTED.

BACKGROUND

On December 1, 2004, Plaintiffs Motor Insurance Corporation and

Big Island Toyota ("Plaintiffs") filed a Complaint against Young Brothers,

Limited.  Plaintiffs subsequently filed a First Amended Complaint on

October 19, 2005 adding Defendants Hawaiian Electric Company, Inc. ("HECO"),

American Pacific Transport Co., Ltd. ("APT") and Pirelli Cable North America,

Inc.  ("Pirelli").

On December 8, 2005, HECO filed an Answer to the First Amended

Complaint and its Cross-Claim against Cross-Claim Defendants APT and Pirelli

(hereinafter collectively referred to as "Cross-Claim Defendants"), asserting claims

for reimbursement, contribution and/or indemnity, jointly and severally, over and against APT and Pirelli.

APT and Pirelli did not respond to the Complaint or HECO's Cross-Claim against them.  On February 22, 2006, default was entered against APT and Pirelli on HECO's Cross-Claim against APT and Pirelli.

APT and Pirelli have not appeared nor otherwise moved to vacate entry of default.

On September 19, 2006, HECO filed its Motion for Default Judgment Against Cross-Claim Defendants American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc., requesting the Court to make and enter judgment on its Cross-Claim against APT and Pirelli, in the amount of $4,500.00, plus costs in the amount of $249.75, as well as post-judgment interest.

A hearing on the Motion for Default Judgment was held before the Honorable Barry M. Kurren on November 3, 2006 with Seth R. Weaver and Randolf L.M. Baldemor, appearing on behalf of HECO.  No other parties responded to the Motion or appeared for the hearing.

<u>DISCUSSION</u>

This Court has jurisdiction over the subject matter and the parties. Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for
> affirmative relief is sought has failed to plead or
> otherwise defend as provided by these rules and
> that fact is made to appear by affidavit or
> otherwise, the clerk shall enter the party's default.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides:

> [T]he party entitled to a judgment shall apply to
> the court therefore; but no judgment by default
> shall be entered against an infant or incompetent
> person unless represented in the action by a
> general guardian, committee, conservator, or
> other such representative who has appeared
> therein.

APT and Pirelli did not answer HECO's Cross-Claim against them.

Entry of default has been entered, and Cross-Claim Defendants APT and Pirelli have not appeared nor otherwise moved to vacate entry of default against them.

APT and Pirelli are individual companies, and are not infants or an incompetent persons as referred to in Rule 55 (b)(2) of the Federal Rules of Civil Procedure.

On September 19, 2006, HECO filed its Motion for Default Judgment Against Cross-Claim Defendants American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc., requesting the Court to make and enter judgment on its Cross-Claim against APT and Pirelli, in the amount of $4,500.00, plus costs in the amount of $249.75, as well as post-judgment interest.   Cross-Claim Defendants APT and Pirelli did not appear or otherwise respond to the Motion.

<u>CONCLUSION</u>

For the foregoing reasons, the Court FINDS that APT and Pirelli have

not appeared nor otherwise moved to vacate entry of default against them and

RECOMMENDS that the Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 10, 2007

*Motors Insurance Corporation et al. v. Young Brothers, Limited,* Civ. No. 04-
00724 HG/BMK; AMENDED FINDING AND RECOMMENDATION THAT
HAWAIIAN ELECTRIC COMPANY, INC.'S MOTION FOR DEFAULT
JUDGMENT BE GRANTED.