IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>            Plaintiffs,<br><br>    vs.<br><br>YOUNG BROTHERS, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; AMERICAN PACIFIC TRANSPORT CO., LTD.; PIRELLI CABLE NORTH AMERICA, INC.,<br><br>            Defendants. | Civil No. 04-00724 HG/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

**I. BACKGROUND:**

On 12/1/04 Plaintiffs filed a Complaint against Young Brothers, Limited (See Exhibit 1). Plaintiffs subsequently filed a First Amended Complaint on 10/19/05 adding Defendants Hawaiian Electric Company, Inc., American Pacific Transport, Ltd., and Pirelli Cable North America, Inc. (See Exhibit 2.)

Defendants APT and Pirelli did not respond to the Complaint or First Amended Complaint filed against them. On 9/14/06 and 12/7/06 default was entered against APT and Pirelli respectively. (See Exhibits 3 and 4.).

APT and Pirelli have not appeared nor otherwise moved to vacate the entries of default against them. See Declaration of Greg Nishioka. In addition, APT and Pirelli are individual companies and are not infants or incompetent persons as referred

to in F.R.C.P. Rule 55(b)(2).

**II. ARGUMENT:**

    **A.   Standard for Default Judgment.**

Obtaining default judgment is a two-step process. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). First, entry of default must occur, thereby establishing liability. <u>Shepard Claims serv., Inc. v. William Darrah & Assoc</u>. 796 F.2d 190, 193 (6th Cir. 1986). Second, if and when the damages amount becomes certain, a party may petition the court for default judgment.

F.R.C.P. Rule 55(a) governs the first step and provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party' default.

F.R.C.P. Rule 55(a).

F.R.C.P. Rule 55(b)(2) governs the second step, and provides, in relevant part, that judgment by default may be entered by application of the Court:

> [T]he party entitled to a judgment shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

F.R.C.P. Rule 55(b)(2).

### B. Default Judgment Against APT and Pirelli is Proper.

Default judgment against APT and Pirelli is proper. Entry of Default against APT occurred on 9/14/06. Entry of Default against Pirelli occurred on 12/7/06. (See Exhibits 3 and 4) "The general rule of law is that upon default, the factual allegations of he complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 197); see also F.R.C.P. 8(b) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").

The amounts of Plaintiffs' damages are certain, thus enabling Plaintiffs to move for default judgment against APT and Pirelli. The prayed for amount reflects the amount paid by Plaintiffs for the damage to the subject vehicle. Furthermore, Plaintiffs requests an award of $14,275.42 as the principal amount owed. Said amount reflects a credit of $4,500.00 for settlement monies received by Plaintiffs from HAWAIIAN ELECTRIC COMPANY, INC., Defendant HAWAIIAN ELECTRIC COMPANY, INC. has been dismissed with prejudice from this matter.

### III. CONCLUSION:

Based upon the foregoing Plaintiffs request that the instant Motion be granted, and that this Court enter judgment on Plaintiffs' claim against Pirelli and APT in the amount of

$14,275.42, plus costs in the amount of $579.68, as well as post-judgment interest.

    DATED: Honolulu, Hawaii, November 29, 2007.

_____
GREG NISHIOKA
Atty. for Plaintiffs