NISHIOKA & FUJIOKA
A Law Corporation

GREG NISHIOKA 4004-0
841 Bishop Street, Ste. 224
Honolulu, Hawaii 96813-3902
Telephone: (808) 524-8833

Attys. for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 19 2005

at 1 o'clock and 20 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>Plaintiffs,<br><br>vs.<br><br>YOUNG BROTHERS, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; AMERICAN PACIFIC TRANSPORT CO., LTD.; PIRELLI CABLE NORTH AMERICA, INC.,<br><br>Defendants. | Civil No.04-00724 HG/BMK<br><br>FIRST AMENDED COMPLAINT; SUMMONS |

FIRST AMENDED COMPLAINT

COME NOW Plaintiffs MOTORS INSURANCE CORPORATION (hereinafter "Motors") and BIG ISLAND TOYOTA (hereinafter "Toyota") by and through their attorneys above-named, and for their First Amended Complaint against Defendants Young Brothers, Limited (hereinafter "Young Bros."); Hawaiian Electric Company, Inc. (hereinafter "HECO"); American Pacific Transport Co. Ltd. (hereinafter "APT"); and Pirelli Cable North America, Inc. (hereinafter "Pirelli Cable") alleges as follows:



NATURE OF THE ACTION

This action initial was filed as a subrogation in the Honolulu Division of the District Court of the First Circuit, State of Hawaii Civ. No. 1RC04-1-7012. That action was removed by Defendant Young Bros. on December 10, 2004 to this court under 28 U.S.C. §1441.

JURISDICTION AND VENUE

1. Jurisdiction of the federal claims is proper under 28 U.S.C. §1441. Jurisdiction of the state claims is proper under the doctrine of supplemental jurisdiction. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, 1345, and 1367.

2. The incident complained of herein alleged occurred with the State of Hawaii, which is within the jurisdiction of the United States District Court for the District of Hawaii. Pursuant to 28 U.S.C. § 1391, venue is therefore proper in this District.

PARTIES

3. Plaintiff Motors is a Delaware corporation with its principal place of business in Southfield, Michigan.

4. Plaintiff Toyota is a Hawaii corporation with its principal place of business in Hilo, Hawaii.

5. Defendant Young Bros. is a Hawaii corporation doing business in the State of Hawaii with its principal place of business located in Honolulu, Hawaii.





6. Defendant HECO is a corporation incorporated in the State of Hawaii with it principal place of business in the State of Hawaii.

7. Defendant APT is a corporation incorporated in the State of Hawaii with it principal place of business in the State of Hawaii.

8. Defendant Pirelli Cable is a foreign corporation with its principal office in South Carolina, doing business in the State of Hawaii.

9. That on or about March 23, 2003 Defendant Young Bros. was engaged in the business of transporting cargo in the State of Hawaii.

10. On or about March 23, 2003 Defendants HECO, APT and Pirelli Cable shipped spools of cable with Defendant on one of Young Bros.' vessels. Said spools of cable were packed by Defendants HECO, APT and/or Pirelli Cable.

11. That on or about March 23, 2003 a spool of cable fell onto Plaintiff Toyota's vehicle resulting in a total loss of said vehicle.

12. Said act by Defendants were a direct and/or proximate cause of the damage to Plaintiff Toyota's vehicle of which Defendants are liable in negligence jointly and severally.

13. At the time of said incident Plaintiff Toyota was insured through a valid insurance policy in full force and effect issued by Motors.

14. As a direct and proximate result of said damage to



EXHIBIT 2

said vehicle, Plaintiff Toyota submitted a claim to Plaintiff Motors for the damage to said vehicle.

15. That, as a result of said claim submitted, Plaintiff Motors was obligated to pay, and did pay, the total of $17,275.46 and Plaintiff Toyota was assessed the sum of $1,500.00 as its deductible pursuant to the terms of the insurance policy issued by Motors.

16. Pursuant to the terms of said automobile insurance policy issued by Plaintiff Motors to Plaintiff Toyota and the payments made pursuant thereto, Plaintiff Motors is entitled to be subrogated to the rights of Plaintiff Toyota to recover said payments from Defendants.

WHEREFORE Plaintiffs Motors and Toyota pray for Judgment against Defendants Young Bros.; HECO; APT; and Pirelli Cable as follows:

A. An award of damages in the amount of $18,775.46, or a greater amount to be proven at trial.

B. An award of reasonable attorneys' fees and costs herein; and

C. Such other and further relief as this Court shall deem and proper under the circumstances.

DATED: Honolulu, Hawaii, OCT 19 2005.

GREG NISHIOKA
Atty. for Plaintiffs





NISHIOKA & FUJIOKA
A Law Corporation

GREG NISHIOKA 4004-0
841 Bishop Street, Ste. 224
Honolulu, Hawaii 96813-3902
Telephone: (808) 524-8833

Attys. for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>Plaintiffs,<br><br>vs.<br><br>YOUNG BROTHERS, LIMITED; HAWAIIAN ELECTRIC COMPANY, INC.; AMERICAN PACIFIC TRANSPORT CO., LTD.; PIRELLI CABLE NORTH AMERICA, INC.,<br><br>Defendants. | Civil No. 04-00724 HG-BMK<br><br>SUMMONS IN A CIVIL ACTION |

SUMMONS IN A CIVIL ACTION

TO:

HAWAIIAN ELECTRIC INDUSTRIES, INC.
900 Richards Street
Honolulu HI 96813
Defendant

PIRELLI CABLE NORTH AMERICA, INC.
Ste. 1600 Pauahi Tower
1001 Bishop St.
Honolulu, HI 96813
Defendant

and





AMERICAN PACIFIC TRANSPORT
2635 Waiwai Loop
Honolulu HI 96819
Defendant

YOU ARE HEREBY SUMMONED to and required to serve on Plaintiffs' attorney GREG NISHIOKA, 841 Bishop St., Ste. 224, Honolulu, Hawaii 96813 an answer to the First Amended Complaint which is served upon you with this Summons, within twenty (20) days after service of this summons on you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Clerk

Date

(By) Deputy Clerk



EXHIBIT 2