ORIGINAL LODGED

JAN 28 2008
10:46 AM
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 0 2008

at 3 o'clock and 30 min P M
SUE BEITIA, CLERK

NISHIOKA & FUJIOKA
A Law Corporation

GREG NISHIOKA   4004-0
841 Bishop Street, Ste. 224
Honolulu, Hawaii  96813-3902
Telephone:  (808) 524-8833
email: greg@nishiokafujiokalaw.com

Attys. for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN PACIFIC TRANSPORT CO., LTD.; PIRELLI CABLE NORTH AMERICA, INC.,<br><br>Defendants. | Civil No. 04-00724 HG/BMK<br><br>FINDINGS OF FACT AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT |

**FINDINGS OF FACT AND RECOMMENDATION TO**
**GRANT MOTION FOR DEFAULT JUDGMENT**

Before the Court is MOTORS INSURANCE CORPORATION and BIG ISLAND TOYOTA (hereinafter "Plaintiffs") Motion for Default Judgment filed on November 29, 2007.  The Motion was hearing on December 14, 2007.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the Court FINDS that Defendants American Pacific Transport Co., Ltd. ("APT") and Pirelli Cable North America, Inc. ("Pirelli") have not appeared nor otherwise moved to vacate the entries of default against them and RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

On December 1, 2004, Plaintiffs filed a Complaint against Young Brothers, Limited in the District Court of the First Circuit Court, State of Hawaii. On December 9, 2004, Defendant Young Brothers, Limited filed a Notice of Removal of the case to the United States District Court for the District of Hawaii. Plaintiffs subsequently filed a First Amended Complaint on October 19, 2005 adding Defendants Hawaiian Electric Company, Inc. ("HECO"), APT, and Pirelli.

Plaintiffs alleged in their complaint that on or about March 23, 2003 they delivered a vehicle to Defendant Young Bros. for transport to Hilo, Hawaii. During the course of moving cargo a spool of cable dropped onto Plaintiff Toyota's vehicle resulting in a total loss of said vehicle. At the time of said incident Plaintiff Toyota was insured through a valid insurance policy in full force and effect issued by Motors. As a direct and proximate result of said damage to said vehicle, Plaintiff Toyota submitted a claim to Plaintiff Motors for the damage to said vehicle. Plaintiff Motors was obligated to pay, and did pay, the total of $17,275.46 to Plaintiff Toyota and Plaintiff Toyota was assessed the sum of $1,500.00 as its deductible pursuant to the terms of the insurance policy issued by Plaintiff Motors.

Pursuant to the terms of said automobile insurance policy issued by Plaintiff Motors to Plaintiff Toyota and the payments made pursuant thereto, Plaintiff Motors is entitled to be subrogated to the rights of Plaintiff Toyota to recover said payments from Defendant Young Bros. and/or other unidentified Defendants.

Defendants APT and Pirelli were responsible for the packing for shipping of the spool of cable.

Defendant Young Bros. Was granted summary judgment.

APT and Pirelli did not respond to the First Amended Complaint. On September 14, 2006 default was entered against Defendant APT. On December 7, 2006 default was entered against Defendant Pirelli.

APT and Pirelli have not appeared or otherwise moved to vacate the entry of default.

Plaintiffs' subsequently settlement their claim against HECO for the amount of $4,500.00, general damages only. The claims against Defendant HECO have been dismissed with prejudice.

On November 29, 2007 Plaintiffs filed their Motion for Default Judgment against Defendants American Pacific Transport Co., Ltd. and Pirelli Cable North America, Inc., requesting the court to make and enter judgment on its First Amended Complaint against APT and Pirelli, in the amount of $14,275.42, plus costs in the amount of $579.68, as well as post judgment interest.

Said principal amount reflects a credit of $4,500 for the settlement monies received from Defendant HECO.

A hearing on the Motion for Default Judgment was held before the Honorable Barry M. Kurren on December 14, 2007 with Greg Nishioka appearing on behalf of Plaintiffs.  No other parties responded to the Motion or appeared at the hearing.

## DISCUSSION

This Court has jurisdiction over the subject matter and the parties.  Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides:

> [The] party entitled to a judgment shall apply to the court therefore; but no judgment by default shall be entered against an in fact or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

APT and Pirelli did not answer Plaintiffs' First Amended Complaint against them.  Entries of Default have been entered, and Defendants APT and Pirelli have not appeared nor otherwise moved to vacate the respective entries of default against them.  APT and Pirelli are individual companies, and are not infants or incompetent persons as referred to in Rule 55(b)(2) of the Federal Rules of Civil Procedure.

On November 29, 2007 Plaintiffs filed their Motion for Default Judgment against APT and Pirelli, requesting the Court make and enter judgment on its First Amended Complaint against APT and Pirelli in the amount of $ $14,275.42 plus costs in the amount of $579.68, as well as post-judgment interest. Defendant APT and Pirelli did not appear or otherwise respond to the Motion.

### CONCLUSION

For the foregoing reasons, the Court FINDS that APT and Pirelli have not appeared nor otherwise moved to vacate entry of default against them and RECOMMENDS that the Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

BARRY M. KURREN
United States Magistrate Judge

DATED: 1-30-2008

Motorist Insurance Corporation et. al. v. American Pacific etc., et. al., Civil No. 04-00724 HG/BMK; Findings of Fact and Recommendation to Grant Motion for Default Judgment